UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-01525 |
| ) | CHIEF JUDGE CRENSHAW |
| HADDOX PHARMACY, INC., and ) | |
| NATHAN HADDOX, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Jeffrey Anderson brought this action against Haddox Pharmacy, Inc. ("Haddox"), and Nathan Haddox, as a personal representative for the Estate of Morris B. Haddox, alleging that Haddox did not comply with Title III of the Americans with Disabilities Act, 42 U.S.C. § 2000a-3(a).[1] (Doc. No. 27.) Haddox since has dissolved. (Doc. No. 36-5.) As a result, Haddox filed a motion to dismiss the case for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), which is before the Court. (Doc. No. 34.) For the following reasons, Haddox's motion is **GRANTED**.

Rule 12(b)(1) allows a defendant to move the Court to dismiss the case for lack of subject matter jurisdiction because the case is moot. League of Women Voters of Ohio v. Brunner, 548 F.3d 463, 473 (6th Cir. 2008). The party arguing that the case is moot bears the "'heavy burden of persuading' the court that the challenged conduct cannot reasonably be expected to start up again." Akers v. McGinnis, 352 F.3d 1030, 1035 (6th Cir. 2003) (quoting Jones v. City of Lakeland, 224 F.3d 518, 529 (6th Cir. 2000)). To obtain injunctive relief, Anderson must be "likely

---

[1] Anderson voluntarily dismissed his claim against Nathan Haddox. (Doc. Nos. 38, 42.)

to suffer future injury," City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983); "[p]ast exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief," O'Shea v. Littleton, 414 U.S. 488, 495 (1974).

As Title III does not provide a private cause of action for money damages, Smith v. Wal-Mart Stores, Inc., 167 F.3d 286, 293 (6th Cir. 1999), courts in this District have found that Title III claims are moot when the company takes steps to ensure that the challenged conduct will not reasonably start up again. Bowman v. Kisan, LLC, No. 3:13-cv-0630, 2014 WL 6605605, at *6 (M.D. Tenn. Nov. 19, 2014) (Trauger, J.) (compiling cases). The same situation occurs when the company dissolves—there can be no reasonable chance that the company will continue to violate Title III because the company is no longer in charge of the premises that has the violations. Wander v. Kaus, 304 F.3d 856, 859 (9th Cir. 2002). In this case, Haddox no longer owns the facility, so it can do nothing about the ADA violations alleged in the Complaint. Accordingly, no case or controversy remains, and this case is moot.

Anderson does not argue with any of this analysis, but rather asks for a reasonable period of discovery to determine whether "the new owner of the facility needs to be added as a Defendant." (Doc. No. 30 at 3.) As of the date of this Order, Anderson has had over three months since learning about the new owner of the facility to amend his complaint and has not done so. Nothing in this Order should be construed as preventing Anderson from filing a Complaint against the new owner of the facility. However, this argument does not create a case or controversy against Haddox, and the case against Haddox must be dismissed.

For the foregoing reasons, Haddox's Motion to Dismiss (Doc. No. 34) is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE